JAMES DUNLAP, plaintiff in error, *v.* HORATIO N. DAVIS *et al.*, defendants in error.

*Error to Pike.*

A party desiring a continuance of a cause is bound to show that he has made reasonable exertions to prepare for the trial, without success, or some good reason for not making such exertions.

ATTACHMENT, in the Pike Circuit Court, brought by the plaintiff in error against the defendants in error, as drawers of a bill of exchange.

The affidavit of the plaintiff was filed in the office of the Clerk of the Circuit Court on the 12th day of September, A.

Dunlap *v.* Davis *et al.*

D. 1844, and a writ of attachment was issued on the same day, returnable to the April term, 1845. The declaration was filed on the 16th day of April, being the third day of the term, and, on the next day a motion for a continuance, based upon the following affidavit, was made by the plaintiff's attorney: ·

"In the Circuit·Court of Pike County, State of Illinois, April term, 1845.

James Dunlap, plaintiff,
         *v.*                              } In attachment.
H. N. Davis & Co. defendants.

David A. Smith, of counsel for the plaintiff, makes oath in due form of law, that he instituted this action to the present term of this Court in September last; that at the time of the institution of said suit, affiant had only a memorandum of the bill of exchange, being then informed, which he verily believed, and he still believes, that an action was pending in the Circuit Court of the county of St. Louis, State of Missouri, against J. T. Sweringen, as one of the indorsers on the bill of exchange sued on in this case. That affiant was in St. Louis in the month of January last, and applied to Mr. Crockett, the attorney who had care of the bill of exchange, and the prosecution of the suit on the same as aforesaid, for the said bill of exchange to be used in the trial of this cause. That Mr. Crockett informed affiant that the suit in the Circuit Court of the County of St. Louis as aforesaid, was still pending in said Court, and would be for some time, and that affiant could not have the use of said bill of exchange until the said suit was disposed of. That affiant's partner, John J. Hardin, as he informed affi- · ant, and affiant verily believes, applied on his, said Hardin's, way from Jacksonville to Shawneetown on the first week of this month, called on the said Crockett at St. Louis for said bill of exchange, who informed said Hardin that he could have it on his return from Shawneetown. That said Hardin, on his return from Shawneetown within the last week, called at the office of said Crockett, and once on the street on his partner for said bill of exchange pursuant to the foregoing arrangement, and was not able to find said Crockett,

or to procure said bill of exchange. That during the present term of this Court the affiant has, to prevent the dismissal of this case at this term of the Court filed a declaration on said bill of exchange according to its legal effect, and has been under the necessity of giving what he supposes to be as near as may be under the circumstances, a copy of said bill of exchange. For fear that it is not, affiant asks a continuance of this case to the next term of this Court and for leave to file an amended declaration in the case within ninety days after the adjournment of the present term of this Court. Affiant states that he believes this cause will be ready on the part of the plaintiff for a full and fair trial at the next term of this Court, and that if the continuance asked for is not granted, the plaintiff will be in danger of losing his demand in the premises. (Signed,) David A. Smith."

Sworn to and subscribed before me, clerk of said Court, April 17, 1845.

O. M. Hatch, Clerk."

The motion was overruled by the Court, the Hon. Samuel D. Lockwood presiding, and the cause coming on for trial, the plaintiff submitted to a nonsuit. Thereupon the Court rendered a judgment for costs in favor of the defendants.

*D. A. Smith*, for the plaintiff in error, stated that the only error assigned was, that the Court refused to grant a continuance upon the facts stated in the affidavit. He then recapitulated those facts, and remarked that there was no decision of the Court having a direct bearing upon the case at bar; that the affidavit contained sufficient matter to show no want of diligence on the part of plaintiff, and that, therefore, a continuance should have been granted by the Circuit Court.

*W. Thomas*, for the defendants in error.

1. Upon the return of the attachment served, the plaintiff was entitled to judgment. R. L. 87, § 13.

2. At the first term of the Court, the defendant had the right to appear and insist upon a trial. Ibid. 492, § 22.

3. When the defendant entered his appearance in this

Dunlap *v.* Davis *et al.* ·

cause, and the plaintiff had filed his declaration, the cause stood for trial, as any other cause.

4. The cause being in a position for trial, the plaintiff was bound to show some reasons for continuance, not connected with, or growing out of his own neglect or omission.

5. The affidavit for continuance in this cause shows that the plaintiff had voluntarily placed himself in such a position that he could not proceed to trial; he had placed his bill of exchange out of his power or control, for his own purposes, and had no right to ask the Court to continue the cause upon the grounds stated.

6. The causes assigned for continuance all grow out of the action of the plaintiff.

Upon the question of continuance, see *Simms* v. *Alcorn,* 1 Bibb, 349.

The Opinion of the Court was delivered by

TREAT, C. J. The Circuit Court committed no error in refusing the motion for a continuance. The defendants were entitled to a trial of the case, unless the plaintiff disclosed sufficient cause for the postponement. He was bound to show that he had made reasonable exertions to prepare for the trial, without success, or some good reason for not making such exertions. The affidavit fails to make out a case of diligence on his part, or to furnish any satisfactory excuse for omitting preparations for the trial. Being the indorsee, he was, as a matter of course, entitled to the possession and control of the bill of exchange. He voluntarily placed it in the hands of his attorney in St. Louis, to be used in a suit against an indorser. He still retained the control of the instrument, and could at any moment withdraw it from the custody of his attorney. It is true that the law allowed him to prosecute separate actions against the parties to the bill, but the fact that different suits were pending, furnished no good reason for not producing it in this case, unless there was at the time a real necessity for using it elsewhere. It is apparent from the affidavit that it might have been withdrawn without the slightest prejudice to his interests in the

suit pending against the indorser, and that by the exercise of reasonable diligence, all occasion for a continuance would have been avoided. The evidence was not beyond his control, nor was he prevented by unavoidable circumstances from producing it. His failure in this respect was the result of his own negligence, and he must abide by the consequences.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*